# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Debi Piscitiello,

                Plaintiff,

                                  Civ. No. 11-2204 (RHK/AJB)
                                  **ORDER FOR BENCH**
                                  **WARRANT**

v.

Delanor, Kemper & Associates, LLC,

                Defendant.

      The Complaint in this action alleged that Defendant Delanor, Kemper & Associates, LLC ("Delanor"), a Georgia debt collector, made false and misleading representations to Plaintiff while attempting to collect a "pay day" loan, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* Delanor was personally served with the Summons and Complaint but failed to respond, and the Court entered a Default Judgment against it in December 2011.

      Plaintiff then attempted to conduct discovery into Delanor's assets, in accordance with Federal Rule of Civil Procedure 69(a)(2), to try to collect the Judgment, but Delanor again failed to respond. Plaintiff then moved to compel; her Motion was granted by Chief Magistrate Judge Boylan, who ordered Delanor to either satisfy the outstanding Judgment or respond to the discovery requests before March 12, 2013. Delanor did neither.

      Plaintiff then moved for an Order to Show Cause why Delanor should not be held in contempt. Judge Boylan granted that Motion and ordered Delanor's President, Wilton

Caver, to personally appear on April 30, 2013, and show cause why Delanor should not be held in contempt. After Caver did not appear as directed, Judge Boylan, out of an abundance of caution, issued an Order requiring Delanor, within seven days, to either respond to Plaintiff's discovery requests or explain why it should not be held in contempt. Once again, no response came. Judge Boylan then issued a Report and Recommendation that Delanor be held in contempt and be directed to pay to the Court $100 per day for each day it failed to comply with his Order granting Plaintiff's Motion to Compel. The undersigned adopted the Report and Recommendation on July 18, 2013.

It likely comes as no surprise to the reader that Delanor has not paid the Court-ordered sanction, has not complied with Judge Boylan's Orders, has not responded to post-judgment discovery, and has not satisfied the Judgment entered in this case almost two years ago. Plaintiff, therefore, has filed a Motion for Body Attachment (Doc. No. 29), asking that the Court issue a warrant for Caver's arrest to coerce him into complying with the Court's prior Orders.

Under the circumstances here, Plaintiff's Motion is well-taken. Both Judge Boylan and the undersigned have already concluded that Delanor is in contempt of this Court's Orders. Delanor has been given ample opportunity to purge that contempt and comply with the Court's mandates, to no avail. At this juncture, the Court believes that no sanction short of the arrest of Caver, Delanor's President, will be sufficient to coerce Delanor to turn over the post-judgment discovery requested by Plaintiff and ordered to be produced by Judge Boylan. It cannot be disputed the Court possesses the authority to enforce its Orders through the contempt process. See 18 U.S.C. § 401 ("A court of the United States shall

2

have such power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance of its lawful writ, process, order, rule, decree, or command."). And though Caver is not a named Defendant in this case, the Court's contempt authority nevertheless extends to him, see, e.g., Chi. Truck Drivers v. Bhd. Labor Leasing, 207 F.3d 500, 507 (8th Cir. 2000) (contempt power extended to officer and shareholder of corporate defendants because he was "in a position to carry out acts on their behalf"), particularly because *he* has disobeyed Judge Boylan's Order to personally appear at the show-cause hearing, see In re Medlock, 406 F.3d 1066, 1071 (8th Cir. 2005).

Based on the foregoing, and all the files, records, and proceedings herein, IT IS **ORDERED** that Plaintiff's Motion for Body Attachment (Doc. No. 29) is **GRANTED**. The United States Marshal is **COMMANDED** to arrest Wilton Caver and bring him before Chief United States Magistrate Judge Arthur J. Boylan to address his and Delanor's failures to comply with this Court's prior Orders (Doc. Nos. 18, 23, 25, 28). The United States Marshal is further **COMMANDED** to detain Caver until he purges the contempt by (1) either providing the post-judgment discovery ordered by Judge Boylan (see Doc. Nos. 18, 25) or paying the Judgment entered in this action (see Doc. No. 16) *and* (2) paying the daily sanction imposed upon Delanor by Order dated July 18, 2013 (Doc. No. 28) or explaining why Delanor lacks the ability to pay. The Clerk of the Court is **DIRECTED** to issue any process necessary to effectuate this bench warrant.

Dated: November 12, 2013

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge

3